IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31316
_____

VIRGIL L. ELLIS,

Petitioner-Appellant,

versus

JOHN P. WHITLEY;
RICHARD IEYOUB, Attorney General,
State of Louisiana,

Respondent-Appellee.

---------------------

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1142-F
---------------------
June 25, 1998

Before JOLLY, HIGGINBOTHAM and DENNIS, Circuit Judges.

PER CURIAM:[*]

Virgil Ellis, Louisiana prisoner No. 107922, seeks a

certificate of appealability (COA) to appeal the district court's

dismissal of his federal habeas petition as procedurally barred

under LA. CODE CRIM. PROC. ANN. art. 930.8. A federal court will

consider habeas claims which are barred by a state procedural

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

rule, if the petitioner demonstrates cause for the default and actual prejudice. Engle v. Isaac, 456 U.S. 107, 129 (1982).

Ellis argues that his Brady[**] claim is based on a police report which he did not obtain until May 4, 1992, more than three years after his conviction became final. Ellis asserts that his attorney requested disclosure of Brady material, but was told that no exculpatory evidence existed. Ellis argues that, contrary to the evidence presented at trial, the police report indicates that two of the three victims identified another man during a lineup in which Ellis participated and that no usable fingerprints were recovered from the victim's car. The trial evidence showed that all three victims selected Ellis from the lineup and that his fingerprint was found on the door of the victim's car. See State v. Ellis, 529 So. 2d 122, 123 (La. Ct. App. 1988).

Ellis has made a credible showing that the district court erred by failing to address his allegations of cause and prejudice with regard to the Brady issue. Engle, 456 U.S. at 129; see Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). Ellis does not argue that the district court erred by rejecting his other federal habeas claims as procedurally barred; thus, he has abandoned those issues. Yohey v. Collins, 985 F.2d 222, 223-24 (5th Cir. 1993); FED. R. APP. P. 28(a)(6).

---

[**] Brady v. Maryland, 373 U.S. 83 (1963).

We GRANT Ellis' motion for a COA and VACATE AND REMAND to the district court for consideration whether Ellis has established cause and prejudice with regard to his <u>Brady</u> claim.

COA GRANTED; VACATED AND REMANDED.